UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Eric Brian Redmond, | ) C/A No. 8:10-1312-HMH -BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Lexington County; and Trinity Food Service, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff alleges that he and other detainees were served spoiled food at the Lexington County Detention Center on April 27, 2010. He states that some inmates became sick, some were taken to the hospital, and others were treated by medical staff with Pepto-Bismol. Plaintiff does not state that he, personally, became sick from the food. Instead, all of his allegations are about other inmates. However, Plaintiff asks "for the sum of $ 100,000,000.00. Plaintiff names "Trinity Food Service" and "Lexington County" as Defendants.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, as stated above, Plaintiff does not claim that he, personally, became sick from eating the allegedly spoiled food. He also does not claim that he suffered any type of mental distress or any other kind of reaction from the food. Accordingly, Plaintiff lacks standing to bring this claim under 42 U.S.C. § 1983[2] because the Complaint does not establish "that the

---

[2] Plaintiff's claims for damages allegedly arising from the conditions of his confinement within a South Carolina county jail are properly considered by this Court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (to have standing, the plaintiff must have suffered a "particularized" injury, which means that "the injury must affect the plaintiff in a personal and individual way"); *Allen v. Wright*, 468 U.S. 737, 751 (1984) ("plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct"). Furthermore, in absence of allegations that Plaintiff suffered any kind of physical injury, there can be no recovery *of damages* for mental stress under 42 U.S.C. § 1997e(e). For example, several courts have held that things such as sleeplessness and losing weight as a result of depression or anxiety does not qualify as a "physical injury" under the statute. *See, e.g., Pearson v. Welborn*, 471 F.3d 732, (7th Cir. 2006); *May v. Donneli*, No. 9:06-cv-437 (GLS/RFT), 2009 WL 3049613, *3 (N.D.N.Y. Sept. 18, 2009) (collecting cases)

Further, insofar as Plaintiff's Complaint could be liberally construed to allege that Lexington County is liable for unconstitutional treatment of the general population of detainees in the Lexington County Detention Center, the Complaint also fails to state a claim for which this Court can provide relief and is subject to summary dismissal. A county or municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a county or municipality cannot be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory. This means that a county or municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents, such as those employed at the detention center in charge of food service. Instead, it is only when execution of a county's or municipality's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the local government, as an entity, is responsible under 42 U.S.C. § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-

95 (1978). Plaintiff's Complaint allegations do not claim, and are insufficient to be liberally construed as claiming, that Lexington County, as a matter of policy or custom, caused the alleged constitutional violation of his rights as a detainee or prisoner in its detention center. Nor does Plaintiff's Complaint allege that Lexington County was deliberately indifferent in failing to take action to prevent the alleged constitutional violation suffered by detainees in its detention center. Consequently, Plaintiff's claims against Lexington County for the alleged violation of civil rights in its detention center should be summarily dismissed for failure to state a claim upon which this Court may grant relief.

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 17, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).